United States District Court
Southern District of Texas
**ENTERED**
January 30, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID ZARATE SANCHEZ, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:25-CV-05767 |
| § | |
| MARTIN FRINK, *et al.*, § | |
| § | |
| Respondents. § | |

## ORDER

Before the Court are Petitioner David Zarate Sanchez's Petition for Writ of Habeas Corpus (Doc. #1), Respondents' Response and Motion to Dismiss and, in the Alternative, Motion for Summary Judgment (Doc. #8), and Petitioner's Reply (Doc. #10). Having considered the parties' arguments and the applicable legal authority, the Court denies the Motion for Summary Judgment and grants the Petition for Writ of Habeas Corpus.

### I.   Background

Petitioner David Zarate Sanchez ("Petitioner"), a citizen of Mexico, entered the United States without inspection in January 2000. Doc. #1, Ex. 2 at 7; Doc. #1 at 10. Petitioner has resided continuously in the United States for more than twenty-six years. *See* Doc. #1 at 10. On September 19, 2025, Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE"). *Id.* at 9. On September 20, 2025, ICE served Petitioner with a Notice to Appear before an Immigration Judge. Doc. #1, Ex. 2 at 3. The Notice to Appear designated Petitioner as "an alien present in the United States who has not been admitted or paroled," rather than "an arriving alien." *Id.* at 2. Petitioner is currently detained at the Houston Contract Detention Facility. *Id.* at

7. On October 21, 2025, the Immigration Judge took no action on Petitioner's request for a bond redetermination hearing, concluding that he lacked jurisdiction pursuant to *Matter of Yajure Hurtado*. Doc. #1, Ex. 2 at 9–10. On December 2, 2025, Petitioner filed the instant Petition for Writ of Habeas Corpus before this Court. Doc. #1. On December 31, 2025, Respondents moved for summary judgment.[1] Doc. #8. Following the Court's Order requesting additional briefing, Respondents confirmed that Petitioner has no known criminal history. Doc. #12 at 1.

## II. Legal Standards

### a. Federal Rule of Civil Procedure 56

Summary judgment is proper where there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "A genuine dispute as to a material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The moving party bears the initial burden on demonstrating the absence of a genuine issue of material fact." *Carnes Funeral Home, Inc. v. Allstate Ins. Co.*, 509 F. Supp. 3d 908, 915 (S.D. Tex. 2020) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If that burden is met, "the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial." *Id.* (citing FED R. CIV. P. 56(e)). Courts must "construe[] 'all facts and inferences in the light most favorable to the nonmoving party.' Summary judgment may not be thwarted by conclusional allegations,

---

[1] In the Petition for Writ of Habeas Corpus, Petitioner named Warden of the Houston Processing Center, Martin Frink, (the "Warden") as a Respondent in this case. Doc. #1 at 3. The Record reflects that that Warden was not served and has not appeared in this action. The Federal Respondents who have appeared in this matter represent that they exercise legal authority over Petitioner's custody and are the proper Respondents for purposes of this habeas proceeding. Doc. #8 at 1. The Court proceeds accordingly.

unsupported assertions, or presentation of only a scintilla of evidence." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) (quoting *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir.2010)).

### b. Petition for Writ of Habeas Corpus

To be entitled to the issuance of a writ of habeas corpus, a habeas petitioner must show they are "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)). The petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id.* (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)); also citing *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976)). "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'" *Id.* (quoting 28 U.S.C. § 2243).

### III. Analysis

Respondents move for summary judgment, arguing that (1) Petitioner failed to exhaust his administrative remedies; and (2) Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Doc. #8 at 3–6. The Court has recently considered and rejected these arguments in two cases presenting the same legal issues. *See Lopez-Tipaz v. Noem, et al.*, 4:25-cv-4905 (S.D. Tex. Nov. 25, 2025); *Martinez Mendez v. Noem, et al.*, 4:25-cv-4981 (S.D. Tex. Nov. 25, 2025). In both cases, the Court concluded that the petitioners were unlawfully detained and entitled to habeas relief. *See Lopez-Tipaz*, 4:25-cv-4905, at 6–7; *Martinez Mendez*, 4:25-cv-4981, at 7. The Court's reasoning in *Lopez-Tipaz* and *Martinez Mendez* applies with equal force here.

Respondents first argue that Petitioner failed to exhaust his administrative remedies by not appealing the denial of his bond request. Doc. #8 at 3. The Court finds that exhaustion does not

3

bar the Court's review because any such appeal would have been futile. *See Shi v. Lyons*, No. 1:25-CV-274, 2025 WL 3637288, at *4 n.6 (S.D. Tex. Dec. 12, 2025) ("[I]n light of *Matter of Yajure Hurtado*, such an appeal would have been patently futile."). Respondents next argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Doc. #8 at 3–6. The Court finds that Petitioner is not governed by § 1225(b)(2), which applies to noncitizens seeking admission at a port of entry or near the border. *See Gutierrez v. Thompson*, No. 4:25-4695, 2025 WL 3187521, at *5 (S.D. Tex. Nov. 14, 2025). Rather, the Court finds that Petitioner falls within the ambit of § 1226(a) because he has been continuously present in the United States for the past twenty-six years. *See Lopez-Tipaz*, 4:25-cv-4905, at 6 ("[T]he Court finds that the weight of authority supports applying 8 U.S.C. § 1226(a) to individuals like [p]etitioner who have long been present in the United States."); *see also Martinez Mendez*, 4:25-cv-4981, at 7 ("[T]he Court concludes that [p]etitioner is detained under 8 U.S.C. § 1226(a) and that his continued detention without a bond determination renders his detention unlawful."). In habeas proceedings, a district court has equitable discretion in determining the appropriate remedy "as law and justice require." *See Brown v. Davenport*, 596 U.S. 118, 127–28 (2022). Consistent with its prior decisions, the Court determines that the appropriate remedy in this case is Petitioner's immediate release. *See Lopez-Tipaz*, 4:25-cv-4905, at 7; *Martinez Mendez*, 4:25-cv-4981, at 7.

For the foregoing reasons, Respondents' Motion for Summary Judgment (Doc. #8) is DENIED. Furthermore, the Petition for Writ of Habeas Corpus (Doc. #1) is GRANTED.

It is hereby ORDERED that:

1. Respondents are directed to release Petitioner from custody, under appropriate conditions of release, within forty-eight (48) hours of entry of this Order. Petitioner shall be released in a public place within the Southern District of Texas, and his counsel shall be given notice of the time and place of his release;

2. Petitioner shall comply with all reporting requirements set by ICE while his removal proceedings remain pending;

3. This Order may be served by facsimile, email, or any other means reasonably calculated to provide immediate notice.

It is so ORDERED.

JAN 3 0 2026
Date

The Honorable Alfred H. Bennett
United States District Judge